JoNEs, Chief Judge,
concurring:
I concur in the result. I do not think the record supports a finding that Scott was not guilty of any improper activities. I think, however, that it is correct to say there is insufficient evidence to justify a finding that he did the things he is charged with doing. Such a finding I believe to be arbitrary.
There are several other statements in the opinion to which I cannot fully subscribe. It is not reasonable to conclude *159 that plaintiff did not know what he was signing, or that he was morally a strong person. But when all the facts and circumstances are considered together I think unreasonable pressure was brought to bear by the interrogators in order to. exact a confession, and that undoubtedly, by unfair tactics, plaintiff’s resistance was greatly weakened.
Old-fashioned third degree methods went out with the ducking stool and other similar pressure devices — at least among free people who recognize human rights. The testimony is conflicting as to just how strong the pressure was. But when a partially deaf man is interrogated for eleven grueling hours by persistent questioners, even if intermittently, and, while still no doubt greatly confused, a confession emerges, it can hardly be classed as voluntary. This is especially true since he had asked for counsel and none was provided. The record shows that some of the questioning was rather vicious. Three days later plaintiff repudiated the confession.
Plaintiff served in the Army during World War II, received head and knee wounds in action, was awarded the Purple Heart, the Bronze Star and other decorations, and later in Germany a mine explosion aggravated a partial deafness. Miss Doe was exonerated and retained in the service.
The trial commissioner who saw the witnesses face to face has found that the sole evidence of any immoral conduct was the written confessions, which were signed after extended interrogation during which plaintiff was not provided counsel. Plaintiff, within three days, executed an affidavit stating that the statements he had made against himself and Miss Doe were false and made under extreme pressure. Miss Doe has corroborated plaintiff in testifying that the previous statements were untrue.
The only charge (and the only evidence) of unsuitability in this record is based on charges of immorality which neither the trial commissioner nor the court has found to have been proved.
To place a continuing stigma on a young man, with a previous good record, basing such action wholly upon a repu *160 diated confession which, had been exacted after hours of unrelenting questioning in the circumstances and pressure shown by the record would be out of tune with our traditions and spirit of fair play.
I agree that plaintiff should recover.